**DUPLICATE ORIGINAL**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**CRIMINAL COMPLAINT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Edward S. Kiel |
| v. | : | Mag. No. 20-15230 |
| JOSE VEGA | : | |

I, Marilyn Gonzalez, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Deputy with the United States Marshals Service, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

_Marilyn Gonzalez_
_____
Marilyn Gonzalez, Special Deputy
United States Marshals Service

Special Deputy Gonzalez attested
to this Complaint by telephone
pursuant to FRCP 4.1(b)(2)(A) on
April 24, 2020 in the
District of New Jersey

_Edward S. Kiel_
_____
Honorable Edward S. Kiel
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE

(Possession of a Firearm by a Convicted Felon)

On or about March 7, 2020, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**JOSE VEGA,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Essex County, did knowingly possess in and affecting commerce a firearm, namely a .380 caliber Taurus pistol, bearing manufacturer's serial number 24632F, and three (3) rounds of .380 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

**ATTACHMENT B**

    I, Marilyn Gonzalez, am a Special Deputy with the United States Marshals Service ("USMS"). I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact that I know concerning this investigation.  Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about March 7, 2020, a member of the Newark Police Department ("Officer-1") conducted a lawful car stop of a gold Nissan Maxima ("the vehicle") driven by Jose Vega ("VEGA").

2. During the lawful stop, Officer-1 asked VEGA to get out of the vehicle and VEGA complied.  Once VEGA was standing outside of the vehicle, Officer-1 observed a black handle from what appeared to be a firearm that was protruding from VEGA's waistband.

3. Officer-1 seized the item with the black handle from VEGA's waistband and the item was a .380 caliber Taurus pistol, bearing manufacturer's serial number 24632F (the "Firearm"), and three (3) rounds of .380 caliber ammunition (the "Ammunition").

4. The Firearm and Ammunition were manufactured outside of the State of New Jersey, and thus traveled in interstate commerce prior to VEGA's possession of the Firearm in New Jersey on March 7, 2020.

5. The Firearm was tested by the Newark Police Department and found to be operable, that is, it is capable of, and designed to, expel a projectile.

6. On or about September 13, 2017, VEGA was convicted of the following crime in the Superior Court of New Jersey, Essex County: Burglary, a third degree crime, in violation of N.J.S.A. 2C:18-2, a crime punishable by imprisonment for a term exceeding one year.

7. The defendant had knowledge that his prior conviction was for a felony punishable by a term exceeding one year in jail as evidenced by a plea form that he signed on or about September 13, 2017 where he acknowledged that the maximum penalty for his crime of conviction was five years in prison.